UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS ABSHER (#633146) | CIVIL ACTION |
| VERSUS | |
| BEN BALLARD, ET AL. | NO. 23-164-BAJ-SDJ |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT**.

Signed in Baton Rouge, Louisiana, on July 28, 2023.

*Scott Johnson*

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS ABSHER (#633146)

VERSUS

BEN BALLARD, ET AL.

CIVIL ACTION

NO. 23-164-BAJ-SDJ

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* R. Doc. 1. Petitioner Thomas Absher challenges the issuance of a detainer and the lack of judicial action related thereto.

### Procedural History

Petitioner was arrested on September 26, 2021, and was sentenced shortly thereafter on January 3, 2022. In February of 2022 a parole detainer was issued. No action has been taken with regards to the detainer, and Petitioner seeks to resolve the matter before he is released from the custody of the Department of Corrections. Petitioner asserts that he has written letters to the Tangipahoa Parish Clerk of Court and the District Attorney and has not received a response. The Department of Corrections has no record of the detainer, but the Livingston Parish Detention Center has documentation pertaining thereto.

### Exhaustion of State Court Remedies

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief, whether pursuant to 28 U.S.C. § 2241 or § 2254(b). *See Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir.1987), *cert. denied,* 484 U.S. 956 (1987); *Rose v. Lundy,* 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously

presented to the state's highest court in a procedurally proper manner. *See Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity, and such a rule does not unreasonably impair a prisoner's right to relief. *See Rose,* 455 U.S. at 523.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State,* 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy,* 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *See Picard v. Connor,* 404 U.S. 270, 275 (1971).

Venue in any action concerning parole shall be in the Parish of East Baton Rouge. *See* La. R.S. 15:571.15. Petitioner has not presented any claim in the 19th Judicial Court with respect to any rights he may have pursuant to Louisiana Revised Statutes, Title 15, Chapter 5, Part II. As such, Petitioner's claims are unexhausted until he has presented his claims to the 19th Judicial District Court, and then if unsuccessful to the Louisiana First Circuit Court of Appeal, and if still unsuccessful to the Louisiana Supreme Court. Petitioner did not comply with this exhaustion process, and his claim should be dismissed.

## Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898

(5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, reasonable jurists could not debate that the petition, on its face, shows that Petitioner failed to exhaust his state remedies prior to filing his habeas petition with this Court. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that Petitioner's application for habeas corpus relief be dismissed for lack of exhaustion, without prejudice. It is further recommended that, in the event Petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on July 28, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**