UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS ABSHER (#633146)                                    CIVIL ACTION

VERSUS

BEN BALLARD, ET AL.                                        NO. 23-00164-BAJ-SDJ

RULING AND ORDER

On or around February 28, 2023, Petitioner submitted a **Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1, the "Petition")**, seeking to resolve a parole detainer issue which, he contends, threatens to delay the date of his release from the Livingston Parish Detention Center. The Magistrate Judge treated the Petition as a request for habeas relief pursuant to 28 U.S.C. § 2254, and, on July 28, 2023 issued a *sua sponte* **Report and Recommendation (Doc. 2, the "Report")** recommending that the Petition be dismissed without prejudice due to Petitioner's failure to exhaust his state court remedies.

The R&R was sent to Petitioner at the address he provided in his Petition, with a Notice stating that any objection was due within 14 days. (Doc. 2 at 1). The record reflects that, to date, Petitioner has failed to submit any response to the Report. To the contrary, on August 1, 2023, the Report was returned to this Court with notations of "RETURN TO SENDER," "REFUSED," and "NOT HERE." (Doc. 3).

As an initial matter the Court will not adopt the Report's analysis and recommendation, because it incorrectly construes the Petition as a request for relief under § 2254, and not § 2241 (as stated). Section 2254 provides the means to challenge

y

the constitutionality of a state court conviction. 28 U.S.C. § 2254. But Petitioner does not seek relief from a conviction, he expressly seeks to "[v]erify existence of other criminal allegations and to be brought to court in a timely fashion that does not conflict with my DOC out date." (Doc. 1 at 7). To the extent Petitioner is entitled to any relief at all, the appropriate avenue is § 2241, which "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against them." *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quotation marks and alterations omitted).

The distinction makes a difference for purposes of an exhaustion analysis, because whereas "Section 2254 imposes a specific exhaustion requirement on habeas petitioners," *id.*, Section 2241 does not. And while the U.S. Court of Appeals for the Fifth Circuit instructs that "failure to exhaust administrative remedies" *may* be a basis for dismissing a § 2241 petition, the Circuit also instructs that "[e]xceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Here, Petitioner plausibly invokes an exception to the exhaustion requirement, alleging that "[t]here is no grievance to file for detention center to grant court date in other parish." (Doc. 1 at 2).

Still, the Petition must be dismissed, for a far more basic reason. Local Civil Rule 41(b)(4) provides that a *pro se* litigant's failure to keep the Court apprised of a

change of address may constitute cause for dismissal for failure to prosecute "when a notice is returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." As set forth above, the Report was returned to this Court on August 1, 2023. (Doc. 3). Since then, Petitioner has not made any correction to his address. As a practical matter, this case cannot proceed without an address where Petitioner may be reached and where he may receive pertinent pleadings, notices and rulings.

Accordingly,

**IT IS ORDERED** that the above-captioned action be and is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Local Civil Rule 41(b)(4) for Petitioner's failure to prosecute this proceeding and for his failure to keep the Court apprised of a current address.

**IT IS FURTHER ORDERED** that, on Petitioner's motion filed within 30 days, and upon a showing of good cause, the Court may consider reinstatement of the Petitioner's action.

Judgment shall be entered separately.

Baton Rouge, Louisiana, this 7th day of September, 2023

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

3